Argued and submitted April 13, reversed and remanded September 26, 1990

## STATE OF OREGON,
*Appellant,*

*v.*

## CINDY DAWN GLOSTER,
*Respondent,*

*and*

## ROBERT WENDELL MALEPORT,
*Defendant.*

(10-88-02446; CA A50700)

798 P2d 256

Rives Kistler, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jay W. Frank, Eugene, argued the cause for respondent. With him on the brief was Moule & Frank, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The state seeks reversal of the trial court's order allowing defendant's[1] motion to suppress evidence obtained pursuant to a search warrant. The trial court held that the information in the affidavit supporting the warrant was obtained as a result of an unlawful entry by a confidential reliable informant (CRI) and that, without that information, the warrant was not based on probable cause. We reverse.

The affiant was Detective Wuest of the Lane County Sheriff's Department. The information in the affidavit was obtained by Wuest from a CRI who had previously supplied reliable information to the police. The CRI did not have standing directions from the police to observe drug activity, but it was understood that, if accurate information were supplied, the CRI would be paid, "depending on the outcome of the information." The CRI made several visits to defendant's home. The first was on the CRI's own initiative sometime between January 8 and 11, 1988. At that time, he saw what seemed to him to be more than two grams of methamphetamine packaged for sale in small plastic bindles that belonged to the persons living in the house. He also saw defendant engage in what appeared to be drug sales. The CRI also told Wuest that on at least one other occasion in the past 72 hours he had personally purchased methamphetamine from a woman at the house. Wuest then asked him to make a controlled drug buy. The CRI went to the house again and purchased methamphetamine from defendant. A search warrant was subsequently issued, and evidence was seized.

Defendant was charged with unlawful possession of a controlled substance, ORS 475.992(4)(b), and endangering the welfare of a minor. ORS 163.575. She moved to suppress the evidence obtained under the search warrant on the ground that the information on which the warrant was based was unlawfully obtained. The trial court granted the motion, finding that the CRI, when entering the house for the controlled buy, was acting as an agent of the police. Because the occupants did not know that he was an agent of the police, the trial court held that their consent to the entry was not knowing and

---

[1] There were two defendants at trial, Gloster and Maleport. The state appeals the suppression order only with respect to Gloster.

was, therefore, invalid. The court held that the entry was therefore unlawful, and that any information obtained as a result of the event could not be considered as part of the affidavit. Without that information, the court held, the affidavit did not provide probable cause to support the warrant.

We conclude that the entry of the CRI was not unlawful. Even assuming that he was acting as an agent of the police in entering the house and that his entry was a search, the entry was not unlawful, because there was consent.

Defendant first contends that, in fact, no consent was given for the entry of the CRI. We disagree. The trial court found that the entry was consensual, albeit defendant did not know that the person admitted was a police agent, and the record supports that finding. Although it is not clear from the record whether the CRI was expressly invited in by defendant or by other people in the house, it was established that the entry was not forcible or surreptitious. In addition, the CRI's admission to the house was implicitly consented to or ratified by defendant by selling him drugs.

Defendant also argues that, even if consent was given, it was invalid, because defendant was not aware that the CRI was acting on behalf of the police. Defendant consented to the CRI's entry into the house, however, and that allowed him lawfully to assume a vantage point from which he could observe defendant's narcotics activities. The CRI, lawfully admitted to defendant's house, was entitled to pass along to the police what he had seen, whether or not he was cooperating with the police in seeking entry. Defendant's consent was not vitiated simply because she was unaware of the CRI's identity as a police agent. The motion to suppress should not have been granted.

Reversed and remanded.